UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES MATTHEWS,

    Petitioner,

v.                                                      CASE NO. 8:14-cv-1758-T-23AEP

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Matthews applies for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state conviction for three counts of sexual activity with a child in a familial or custodial relationship, for which he is imprisoned for twenty-five years. The earlier order (Doc. 4) directs the respondent to address the application's timeliness. In moving to dismiss (Doc. 5), the respondent correctly contends that the application is time-barred.

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a Section 2254 application for the writ of habeas corpus. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C.

§ 2244(d)(1)(A).  Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

Matthews's conviction was final on July 2, 2009,[1] and the federal limitation barred his claim one year later absent tolling for a "properly-filed" application for post-conviction relief in the state court.  Section 2244(d)(2) permits tolling only for a "properly filed application for state post-conviction or other collateral review . . . ." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), instructs that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."  As a consequence, only an application that is timely filed under state law tolls the federal one-year limitation.  As shown below, Matthews's one-year limitation was not tolled because his initial state motion for post-conviction relief was not "properly filed."

Matthews let 270 days elapse before he filed a state Rule 3.850 motion for post-conviction relief on March 29, 2010.  However, the state post-conviction court struck the motion for lack of a proper oath and stated, "This Court finds that

---

[1] Matthews's direct appeal concluded on April 3, 2009. The conviction became final after ninety days, the time allowed for petitioning for the writ of *certiorari*. 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't Corr.*, 292 F.3d 1347 (11th Cir. 2002).

Defendant's post-conviction motion is legally insufficient since Defendant has failed to sign the oath."  (Respondent's Exhibit 7 at 1)  Matthews acquired no tolling because the post-conviction motion was not "properly filed."  *See Hurley v. Moore*, 233 F.3d 1295, 1298 (11th Cir. 2000) ("Because Hurley's state post-conviction motion was not properly filed according to the state court's application of the written oath requirement, the one-year statute of limitations under the AEDPA is not tolled."), *cert. denied*, 532 U.S. 1013 (2001).  The federal one-year limitation expired in July, 2010, without a "properly filed" motion that tolled the limitation.  Although in August, 2010, Matthews filed a second motion for post-conviction relief that would qualify for tolling, the motion afforded Matthews no tolling because the deadline passed a month earlier.

Matthews's application is untimely under Section 2244(d)(1)(A).  In opposing the respondent's motion to dismiss (Doc. 5), Matthews accepts (Doc. 8) the respondent's recitation of the procedural background but argues entitlement to tolling because the initial motion for post-conviction relief was stricken with leave to amend and not dismissed.  Matthews's distinction is inconsequential and, even if the state court had considered the motion, a federal court must independently determine whether the motion was "properly filed" within the meaning of the federal one-year

limitation. Matthews's situation was addressed in *Delguidice v. Florida Dep't of Corr.*, 351 Fed. App'x 425, 428-29 (11th Cir. 2009),[2] *cert. denied*, 131 S. Ct. 79 (2010).

> In *Melson v. Allen*, 548 F.3d 993 (11th Cir. 2008), *cert. denied*, ___ U.S. ___, 130 S. Ct. 254, 175 L. Ed. 2d 173 (2009), we held that an inmate's state post-conviction motion, which was dismissed by the state court for failure to comply with the rule requiring verification, was not "properly filed" within the meaning of the tolling provision of the one-year limitations period for federal habeas corpus petitions, regardless of the fact that the verification requirement was non-jurisdictional, subject to waiver, and curable by amendment. *Melson*, 548 F.3d at 997 ("'[N]o matter their form' and regardless of whether they are 'jurisdictional, an affirmative defense, or something in between,' state rules which establish filing conditions fall within the meaning of 'properly filed' under § 2244(d)(2).") (quoting *Allen v. Siebert*, 552 U.S. 3, 5-7, 128 S. Ct. 2, 4, 169 L. Ed. 2d 329 (2007)) (alterations omitted). We also held that the inmate's amended state post-conviction motion, which corrected the verification deficiencies of the previously filed motion, but was filed after expiration of the one-year AEDPA limitations period, did not toll the limitations period, as the limitations period had already expired. *Id.* at 998. Moreover, we held that the inmate could not "attempt to resurrect a terminated statute of limitations by subsequently filing documents that purport to 'relate back' to previously submitted documents that were, in themselves, insufficient to toll the statute." *Id.* (quoting *Sibley*, 377 F.3d at 1204).
>
> . . . .
>
> Although the record demonstrates that the state court accepted Delguidice's first post-conviction motion and the state court did not dismiss it as improperly filed, we conclude that, it was not "properly filed," because it failed to comply with Florida's written oath requirement. Delguidice has not demonstrated that the oath requirement is a rule that is not "firmly established and regularly followed." To the extent that Florida requirements were "non-jurisdictional, subject to waiver, and curable by

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

>           amendment," the oath requirement is a filing condition that
>           falls within the meaning of "properly filed" under § 2244(d)(2).
>           Consequently, while his amended motion, which corrected the
>           verification deficiencies of his previously filed motion, was
>           submitted within the two-year limitations period under Florida
>           rules, the Florida Rules do not expand the AEDPA's one-year
>           statute of limitations period, and do not resurrect an expired
>           limitations period.

Under *Delguidice* Matthews's initial motion for post-conviction relief failed to toll the federal limitation and the second motion was too late to toll the limitation. Additionally, Matthews fails to show (1) that he is entitled to a delayed start of the limitation under Section 2244(d)(1),[3] (2) that he is entitled to equitable tolling,[4] or

---

[3] Section 2244(d)(1)(A) calculates the limitation from when the conviction became final. The statute permits a delayed start of the limitation at three additional times:

>           (B) the date on which the impediment to filing an application created
>           by State action in violation of the Constitution or laws of the United
>           States is removed, if the applicant was prevented from filing by such
>           State action;
>
>           (C) the date on which the constitutional right asserted was initially
>           recognized by the Supreme Court, if the right has been newly
>           recognized by the Supreme Court and made retroactively applicable
>           to cases on collateral review; or
>
>           (D) the date on which the factual predicate of the claim or claims
>           presented could have been discovered through the exercise of due
>           diligence.

[4] The application fails to disclose a basis for equitable tolling. Matthews bears the burden of proving entitlement to equitable tolling. *Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003). "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Negligence is not a proper basis for equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) ("[C]ounsel's mistake in miscalculating the limitations period . . . is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."). *See also Helton v. Sec'y, Dep't of Corr.*, 259 F.3d 1310, 1313 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080 (2002), *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000), and *Sandvik v. United States*, 177 F.3d at 1271-72. A deficient prison law library is not an "extraordinary circumstance" justifying equitable

(4) that he is actually innocent.[5]  As a consequence, Matthews's application for the writ of habeas corpus under Section 2254 is time-barred.

Accordingly, the respondent's motion to dismiss (Doc. 5) is **GRANTED**.  The clerk must enter a judgment against Matthews and close this case.

## DENIAL OF BOTH
## A CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Matthews is not entitled to a certificate of appealability ("COA").  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a COA, Matthews must show that reasonable jurists would find debatable both (1) the merits

---

tolling, *Helton*, 259 F.3d at 1313-14, and limited or restricted access to a prison law library justifies no equitable tolling. *See also Miller v. Florida*, 307 Fed. App'x 366, 367-68 (11th Cir. 2009) ("[E]ven restricted access to a law library, lock-downs, and solitary confinement do not qualify as [extra]ordinary circumstances warranting equitable tolling."). Ignorance of one's legal rights is not an "extraordinary circumstance" justifying equitable tolling. *Jackson v. Asture*, 506 F.2d 1349, 1356 (11th Cir. 2007).

[5]  The application fails to disclose a basis for a claim of "actual innocence," which is sometimes identified as "manifest injustice."  Matthews bears the burden of proving that he is actually innocent of the criminal offense. *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency."). To prove his innocence Matthews must present "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The new "'evidence of innocence [must be] so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' [*Schlup*,] 513 U.S. at 316." *McQuiggin, Warden, v. Perkins*, 569 U.S. ___,133 S. Ct. 1924, 1936 (2013). The new evidence must show "that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt . . . ." *House v. Bell*, 547 U.S. 518, 538 (2006).

of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because the application is clearly untimely, Matthews is entitled to neither a COA nor leave to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Matthews must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on December 2, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE